The opinion of the Court was delivered by
Tilghman C. J.
Where land is sold with warranty, and the purchaser is evicted, the measure of damages, unless fraud has been practised, is the price agreed to be paid by the purchaser. But it has been understood, that in cases of fraudj, the jury are not bound, in assessing the damages, by the price which had been stipulated between the parties. In the case before us, therefore, the jury should have been instructed, that if there was fraud, they might deduct from the defendant’s bond, the amount of the injury sustained by the loss *167 of the six acres of woodland. It is evident, that this loss might be much more than the average price of the whole land. It may happen, that á few acres may be so situated, as to form the principal inducement for the purchase of a large quantity; or at least they may be so essential,'that without them the remainder may be greatly reduced in value. I give no opinion, whether, in case of a fair sale and an eviction of a small part, peculiarly valuable on account of its quality or situation, the measure of damages should be the average price agreed to be paid for the whole ■ tract. I will only say, that T do not'Consider that point as settled. The principle established by former decisions has been applied to cases where there was an- eviction of the whole or of a part not particularly valuable; But, in,the..present instance, I think there can be no doubt; because the case was left to the jury as a question of fraud, and if they should be in favour of the defendant on that point, they were directed to deduct from his bond for the six acres lost, at the average~ price of the whole tract. This is in opposition to the established, rule. I am of opinion, therefore, that the judgment should be reversed, and a venire .facias de novoawarded.
Judgment reversed, and a venire facias . de novo awarded.